Peck, J.
delivered the opinion of the court.
The lien on the crop is given by the act of 1825, ch. 21, and shall be preferred to all other debts. It is provided, “that the lien shall continue three months after the rent falls due, and until the decision of any suit that may be brought within that time for said rent.
Cotton receipts, by our acts of assembly, are made assignable. It is not pretended but that the rent was honestly purchased by the plaintiffs in error. We do not say that the cotton could not be followed for the rent due, if the purchasers had notice; but to be enabled to follow it a judgment should first have been had against Hancock. The question as to the rent due, and what portion had been paid, was attempted to be proved collaterally in this action; these were questions between others. The debt should have first been established by a suit, as contemplated by the act; and not having been so established, the evidence of accounts between the lessor and lessee, was inadmissible. This case illustrates the necessity of such a rule. Here the rent was to be paid at a certain rate per acre. The quantity to become due, depended upon a survey of the premises. There were accounts between the parties; improvements had been made, for which the lessee was to be paid, and he had paid a portion of the rent. And as the lessor, though he had the lien, could not sell the crop without a judgment first had, it follows as a consequence, without such *269 mdgment, this suit was premature and untenable: lie could not seize tbe cotton without execution, and tor tbe same reason cannot have its value against these defendants. 2 Kent, 503.
A suit for tbe rent within the time specified in the act, might probably be such notice as would put persons upon enquiry; but without notice, if a purchaser of a negotiable cotton receipt should be made liable, it would be a means of practising fr.auds more injurious than any affecting lessors.
From any thing appearing to the contrary, this was a bona fide transfer. Liens created by acts of assembly, though they will be protected by the court, are not favored above all other demands; and certainly where the act of assembly supposes some act should be done to fix the lien, and render liable the subject it operates upon for the amount, that act must be performed by him setting up the lien. The general principle is so, and there is no reason for an exception in this case. See 2 Kent’s Commentaries, 498.
Judgment reversed.